**Loretta M. JANKO, Plaintiff,**

v.

**The ILLINOIS STATE TOLL HIGHWAY AUTHORITY and General Service Employees Union, Local 73, Defendants.**

**No. 88 C 8588.**

United States District Court,
N.D. Illinois, E.D.

Feb. 2, 1989.

As Corrected Feb. 27, 1989.

David H. Locks and Jerome Schacter, Skokie, Ill., for plaintiff.

Gary M. Griffin, Asst. Atty. Gen., of Illinois, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

The plaintiff, Loretta M. Janko, filed this Title VII employment discrimination case against the Illinois State Toll Highway Authority (ISTHA) for allegedly terminating her because she is a Gypsy. She then pended a state law claim to her federal claim. With relation to federal subject matter jurisdiction the plaintiff brings this action under 42 U.S.C. section 2000e–2(a)(1) which reads:

(a) It shall be unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

The plaintiff claims "Gypsy" falls within the term "national origin" and, thus, the court has jurisdiction.

ISTHA contends the term "national origin" refers to the country where a person was born, or, more broadly, the country from which a person's ancestors came. It is the defendant's argument that because the plaintiff's complaint does not define "Gypsy" as being related to some particular country or region, the complaint fails to establish that the plaintiff has been discriminated against based on national origin under 42 U.S.C. section 2000e–2(a)(1). Accordingly, ISTHA moved to dismiss the

---

**34.** Defendant's motion for summary judgment was not frivolous, and plaintiff's motion for sanctions is denied.

complaint outright because it does not state a claim under the statute upon which relief can be predicated.

The plaintiff herself acknowledges that this court's jurisdiction must rise or fall on the basis of her claim that "Gypsy" is included within 42 U.S.C. section 2000e–2(a)(1) as it applies to the terms "national origin" appearing in the statute. This is the issue for decision.

The defendant's position turns out to be oblivious of the real intentions of Congress at the time the statute was enacted. It at least is not in touch with that intent as it must be interpreted today. Even today's dictionary definition of Gypsy causes it to refer to various ethnic groups not originally from this land who are different from the rest because of ties to earlier nomadic minority tribal peoples in the Caucasias, which included generally the areas stretching from India to the Northeastern, eastern, and southeastern boundaries of the Mediterranean. *See Webster's New International Dictionary* (2d ed. 1951 *et seq.*).

Most recently it has been steadfastly recognized by the Supreme Court that the purpose of this statute was to prevent the majority people from discriminating against other people based upon ethnic distinctions commonly recognized at the time of the discrimination. *See Saint Francis College v. Al–Khazraji,* 481 U.S. 604, 107 S.Ct. 2022, 2026–29, 95 L.Ed.2d 582 (1987). As the Supreme Court stated at 2028:

> ... Congress intended to protect from discrimination identifiable classes of people who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. Such discrimination is racial discrimination that Congress intended section 1986 to forbid, whether or not it would be classified as racial in terms of modern scientific theory.

This would include discrimination today by members of the majority against those among us who are considered Gypsies. In this respect, and all other respects, the plaintiff has adequately pleaded her complaint. The defendant has failed to successfully point to defects in the complaint which would prevent this case from proceeding forward. The court, finding none on its own, hereby denies the defendant's motion to dismiss the complaint, and directs the parties to proceed on with the case under the rules. The clerk will set a status date for preliminary report of the parties sixty days hence.